**John E. GILLIGAN, Plaintiff–Appellant,**

v.

**CITY OF SANTA ROSA; et al., Defendants–Appellees.**

No. 00–17405.

D.C. No. CV–00–00021–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002 *.

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

John E. Gilligan, a former California state prisoner, appeals pro se the district court's partial dismissal and partial sum-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

mary judgment in his 42 U.S.C. § 1983 action alleging false arrest, filing false charges, incarceration without probable cause, retaliation and municipal liability arising from those claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

Because Gilligan failed to demonstrate that his underlying conviction had been invalidated, the district court properly dismissed Gilligan's claims for false arrest, filing false charges, incarceration without probable cause, and municipal liability. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The district court properly granted summary judgment on Gilligan's retaliation claim because Gilligan failed to demonstrate that the Santa Rosa Police Department issued a warning bulletin about him because he exercised a constitutionally protected right. *See Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989).

Gilligan's contention that the district court abused its discretion by not converting the defendants' first motion to dismiss into a motion for summary judgment is not persuasive because a court may take judicial notice of "matters of public record." *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001).

The district court did not abuse its discretion by denying Gilligan's motions for sanctions pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11 and 56(g). *See Air Separation, Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 290 (9th Cir.1994).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Gilligan's contention that the district court should have certified constitutional issues to the State Attorney General pursuant to 28 U.S.C. § 2403 lacks merit because the court did certify constitutional issues to the Attorney General.

To the extent Gilligan contends the district court was biased, the contention lacks merit. *See Liteky v. United States,* 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (stating that adverse rulings alone do not establish bias).

Gilligan's remaining contentions have been considered and rejected.

AFFIRMED.